UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANNE STEGER,
      Plaintiff,

v.

METALCRAFT OF MAYVILLE, INC.,
      Defendant.

CASE NO. 20-cv-449

JURY TRIAL DEMANDED

---

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by Plaintiff Anne Steger for unpaid overtime and agreed upon wages. Plaintiff Anne Steger was employed by Defendant Metalcraft of Mayville, Inc., at times since March 14, 2015. Defendant Metalcraft of Mayville, Inc. has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Defendant Metalcraft of Mayville, Inc. has denied Plaintiff Anne Steger overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Metalcraft of Mayville, Inc. has substantial and systematic contacts in this district.

## **PARTIES**

5. Defendant Metalcraft of Mayville, Inc. ("Metalcraft") is a Wisconsin Corporation with a principal place of business located at 1000 Metalcraft Drive, Mayville, Wisconsin 53050.

6. Metalcraft has three Wisconsin locations including – 1) Mayville, 2) West Bend, and 3) Beaver Dam.

7. Metalcraft's registered agent for service of process in the State of Wisconsin is Martin A. Gallun located at 1000 Metalcraft Drive, Mayville, Wisconsin 53050.

8. Plaintiff Anne Steger ("Plaintiff") is an adult resident of Washington County in the State of Wisconsin.

# GENERAL ALLEGATIONS

9. Plaintiff was employed by Metalcraft as a Welder at Metalcraft's Mayville facility from on or around January 09, 2012 to on or around August 16, 2016.

10. Plaintiff opted into a collective action titled *Mazurek v. Metalcraft*, Case No. 2:17-cv-01439 on March 14, 2018. Plaintiff's consent to join filed in the *Mazurek v. Metalcraft* action is attached as Exhibit A of this Complaint and is incorporated herein.

11. On March 20, 2020, Richard Mazurek filed his Motion to Decertify the Collective Class in *Mazurek v. Metalcraft* and asked that the Court dismiss the opt-in Plaintiffs' claims (including Plaintiff's) without prejudice such that they could file their individual complaints.

12. Metalcraft manufactures machined metal products at its three Wisconsin facilities.

13. While employed by Metalcraft, Plaintiff was paid on an hourly basis for Plaintiff's work.

14. While employed by Metalcraft, Metalcraft agreed to pay Plaintiff a specific hourly rate for all hours Plaintiff worked for Metalcraft.

15. Since March 14, 2015, Metalcraft had in effect a rounding policy applicable to Plaintiff.

16. Pursuant to Metalcraft's rounding policy, Plaintiff was permitted to punch-in up to fourteen minutes prior to Plaintiff's scheduled start time.

17. Pursuant to Metalcraft's rounding policy, Plaintiff's in-punches within the fourteen-minute pre-shift period were rounded to Plaintiff's scheduled start time.

18. Plaintiff regularly punched in prior to Plaintiff's scheduled start time within the fourteen-minute pre-shift period subject to Metalcraft's rounding policy.

19. Plaintiff regularly began working for Metalcraft after punching in.

20. Plaintiff regularly performed work during the fourteen-minute pre-shift period subject to Metalcraft's rounding policy.

21. After punching in and during the fourteen-minute pre-shift period Plaintiff regularly performed compensable work, including discussing with the workers of the previous shift what issues they had with the machines and what stage they were on in the current project so she could begin work, retrieving and putting on all necessary personal protective equipment, starting to pre-weld at the work station, and grabbing any parts that would be necessary for the workday.

22. As a result of Metalcraft's rounding policy, Plaintiff was not paid for the work Plaintiff performed during the fourteen-minute pre-shift period.

23. If Plaintiff punched in after Plaintiff's scheduled start time, Metalcraft paid Plaintiff from the minute Plaintiff punched in.

24. Pursuant to Metalcraft's rounding policy, Metalcraft did not round late in-punches in Plaintiff's favor.

25. Pursuant to Metalcraft's attendance policy, Plaintiff could be subject to discipline, up to and including being terminated, for punching in late.

26. Pursuant to Metalcraft's rounding policy, Plaintiff was permitted to punch-out up to fifteen minutes after Plaintiff's scheduled end time.

27. Pursuant to Metalcraft's rounding policy, Plaintiff's out-punches within the fifteen-minute post-shift period were rounded to Plaintiff's scheduled end time.

28. If Plaintiff punched out after Plaintiff's scheduled end time within the fifteen-minute post-shift period subject to Metalcraft's rounding policy, it was because Plaintiff was performing work.

29. If Plaintiff punched out after Plaintiff's scheduled end time within the fifteen-minute post-shift period subject to Metalcraft's rounding policy and performed work, Plaintiff was not paid for that time by Metalcraft.

30. Plaintiff regularly performed work within the fifteen-minute post-shift period, including, restocking the work station with additional parts for the next shift and cleaning her work area.

31. If Plaintiff punched out prior to Plaintiff's scheduled end time, Metalcraft paid Plaintiff to the minute Plaintiff punched out.

32. Pursuant to Metalcraft's rounding policy, Metalcraft did not round early out-punches in Plaintiff's favor.

33. Metalcraft's rounding policy only rounded in Metalcraft's favor.

34. Metalcraft's rounding policy did not round in Plaintiff's favor.

35. Metalcraft did not prohibit Plaintiff from working during the fourteen-minutes pre-shift periods that were subject to Metalcraft's rounding policy.

36. Metalcraft did not prohibit Plaintiff from working during the fifteen-minute post-shift periods that were subject to Metalcraft's rounding policy.

37. During Plaintiff's employment, Metalcraft has suffered or permitted Plaintiff to regularly work more than forty hours during workweeks in which Metalcraft applied its time clock rounding policy.

38. As a result of applying this time clock rounding policy, Metalcraft improperly denied Plaintiff compensation at one and one-half times Plaintiff's respective regular rates for hours worked in excess of forty in workweeks since March 14, 2015.

39. Since March 14, 2015, Metalcraft's application of its time clock rounding policy resulted in Plaintiff being suffered or permitted to perform work for Metalcraft without compensation at Plaintiff's agreed-upon hourly rates.

40. Metalcraft's impermissible time clock rounding policy consistently operated to the disadvantage Plaintiff.

41. Metalcraft's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

42. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if restated herein.

43. Since March 14, 2015, while employed by Metalcraft, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

44. Since March 14, 2015, Metalcraft has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

45. Since March 14, 2015, while employed by Metalcraft, Plaintiff has been an employee within the meaning of 29 U.S.C. § 203(e).

46. Since March 14, 2015, Metalcraft has been an employer of Plaintiff as provided under 29 U.S.C. § 203(d) during Metalcraft's employment of Plaintiff.

47. Since March 14, 2015, while Plaintiff was employed by Metalcraft, Metalcraft has violated the FLSA by failing to pay overtime compensation due to Plaintiff for each hour worked in excess of forty hours in any given workweek.

48. Plaintiff is entitled to damages equal to mandated overtime premium pay for all hours worked since March 14, 2015, plus periods of equitable tolling because Metalcraft acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

49. Alternatively, should the Court find that Metalcraft did not act willfully in failing to pay overtime premium wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

50. Pursuant to FLSA, 29 U.S.C. §216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages, which Plaintiff seeks in this matter.

**SECOND CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime**

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as restated herein.

52. Since October 20, 2015, while employed by Metalcraft, Plaintiff was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

53. Since October 20, 2015, while employed by Metalcraft, Plaintiff was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

54. Since October 20, 2015, while employed by Metalcraft, Plaintiff was an employee within the meaning of Wis. Stat. §§ 104.01 *et seq.*

55. Since October 20, 2015, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

56. Since October 20, 2015, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

57. Since October 20, 2015, Metalcraft was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

58. Since October 20, 2015, Metalcraft was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

59. Since October 20, 2015, Metalcraft was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

60. Since October 20, 2015, Metalcraft was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. Since October 20, 2015, Metalcraft was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. Since October 20, 2015, Metalcraft has employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*

63. Since October 20, 2015, Metalcraft has employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64. Since October 20, 2015, Metalcraft employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65. Since October 20, 2015, Metalcraft employed, and/or continues to employ Plaintiff within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. Since October 20, 2015, Metalcraft employed, and/or continues to employ Plaintiff within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since October 20, 2015, Plaintiff a regularly performed activities that were an integral and indispensable part of Plaintiff's principal activities without receiving compensation for these activities.

68. Since October 20, 2015, Metalcraft had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and Metalcraft's other hourly employees overtime wages for all hours worked in excess of forty hours in a given workweek.

69. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

70. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

71. As set forth above, Plaintiff has sustained losses in Plaintiff's compensation as a proximate result of Metalcraft's violations. Accordingly, Plaintiff seeks damages in the amount of Plaintiff's respective unpaid compensation, injunctive relief requiring Metalcraft to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

72. Under Wis. Stat. §109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent of Plaintiff's unpaid wages.

73. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Metalcraft, pursuant to the Wisconsin law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Metalcraft's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

b) An Order finding that Metalcraft violated the FLSA and Wisconsin wage and hour law;

c) An Order finding that these violations are willful;

d) Judgement against Metalcraft in the amount equal to the Plaintiff's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

g) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 20th day of March, 2020.

Respectfully submitted,

*s/ Summer H. Murshid*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Claire Roehre
Bar Number 1103202
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com
croehre@hq-law.com