UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNE STEGER,   Case No. 20-cv-0449-bhl

    Plaintiff,

v.

METALCRAFT OF MAYVILLE INC.,

    Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO BILL OF COSTS

### INTRODUCTION

Defendant, Metalcraft of Mayville Inc. ("Metalcraft"), is entitled to the taxation of costs as a result of being the prevailing party in this suit. After the Court granted summary judgment in the four test cases in these related cases, Plaintiff Anne Steger dismissed this case with prejudice because there was no additional information that could overcome the reasons the test cases failed as a matter of law. Plaintiff opposes costs, but the final order entered in this case did not foreclose Metalcraft's ability to seek costs. Moreover, the costs for obtaining deposition transcripts were reasonable because each deposition was noticed by Plaintiff's counsel and were needed for Metalcraft to defend itself. As set forth below, the requested costs should be taxed.

### ARGUMENT

**I. THE COURT'S ORDER IN THIS CASE DID NOT FORECLOSE METALCRAFT'S ABILITY TO SEEK COSTS.**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party." Fed. R. Civ. P. 54(d). There is no dispute that Metalcraft was the prevailing party in this case. *See Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) ("Where the dismissal is with prejudice . . . nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor."). The Seventh Circuit has "consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion."

Plaintiff moved to dismiss the case pursuant to Fed. R. Civ. P. 41(a)(2). Metalcraft opposed the dismissal to the extent it would be without costs and fees by filing a motion for sanctions under Fed. R. Civ. P. 11. The Court ultimately denied Metalcraft's motion for sanctions and granted Plaintiff's motion for voluntary dismissal. Contrary to Plaintiff's argument, the Court's statement that "[h]aving determined that an award of sanctions is not warranted, the Court will dismiss the cases with prejudice, with each party to bear its own fees and costs" [ECF 51] cannot be interpreted to preclude the award of costs as to the case as a whole. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The Court did not provide any analysis or reasoning why costs should not be allowed in this case. By linking the statement regarding bearing fees costs to the denial of the motion for sanctions, the order can be reasonably interpreted to cover the fees and costs associated with litigating Metalcraft's motion for sanction. This interpretation is supported by the Court's own interpretation of Plaintiff's Rule 41 motion: "Plaintiffs have moved to dismiss 12 of the lawsuits (the other four were decided on summary judgment), with prejudice, and without **further costs** or fees to either party." [ECF 51] (emphasis

2

added). Metalcraft is not precluded from receiving costs incurred up to the point of Plaintiff moving to dismiss and Metalcraft moving for sanctions.

Finally, Metalcraft in no way waived its right to seek costs. As acknowledged by the Court: "Defendant did not object to dismissal of each case, with prejudice . . . The only dispute was over who should bear fees and costs." [ECF 51]. Moving for sanctions under Rule 11 was clearly an objection to dismissal under Rule 41 without costs as Rule 11 explicitly permits an award of fees and costs as a sanction. *See* Fed. R. Civ. P. 11(c)(4) ("The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and **other expenses** directly resulting from the violation.") (emphasis added).

## II. THE COSTS FOR THE REQUESTED DEPOSITION TRANSCRIPTS WERE REASONABLE AND NECESSARY.

Deposition transcript costs are recoverable when they are reasonable and necessary to the case. *See Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir. 1998). A "court is to presume that deposition transcripts are reasonable and necessary unless" the opposing party shows otherwise. *Autozone, Inc. v. Strick*, No. 03 C 8152, 2010 U.S. Dist. LEXIS 59005, at *4 (N.D. Ill. June 9, 2010).

Plaintiff acknowledges that his or her own deposition is practically always recoverable. *See Santiago v. Orland Park Motor Cars, Inc.*, No. 01 C 8293, 2004 U.S. Dist. LEXIS 2299, at *6 (N.D. Ill. Feb. 17, 2004) ("[A] plaintiff's testimony regarding the basis for her claims is typically necessary to the defense of the case."). Likewise, Plaintiff does not dispute that the 30(b)(6) Lock deposition that she noticed individually to her case was reasonable and necessary.

The deposition that Plaintiff claims was not noticed in her case were inadvertently sought by Metalcraft. The Micklas transcript should have been requested in the Pucek case, Case No. 20-cv-0443-bhl.

3

The deposition that Plaintiff claims was unnecessary because it did not relate specifically to her case (Kriewled) was reasonably necessary for Metalcraft to defend itself and are recoverable. Plaintiff ignores that her counsel noticed this deposition in an attempt to find evidence to support her case. A deposition noticed by the losing party is presumptively recoverable by the prevailing party because they were forced to defend the deposition. *See O'Neal v. Altheimer & Gray*, Case No. 99 C 0976, 2002 U.S. Dist. LEXIS 17943, at *3-4 (N.D. Ill. Sep. 18, 2002) ("As Defendant highlighted, however, the Plaintiff noticed those witnesses, thus Defendant is allowed copies of those transcript depositions."); *Govas v. Chalmers*, Case No. 86 C 7834, 1991 U.S. Dist. LEXIS 7653, at *3-4 (N.D. Ill. June 5, 1991).

Just because the witness ended up having limited information about Plaintiff does not mean that the deposition transcript was not necessary. "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary." *Lewis v. City of Chicago*, No. 04-6050, 2012 U.S. Dist. LEXIS 182086, 2012 WL 6720411, at *5 (N.D. Ill. Dec. 21, 2012). Furthermore, "[t]he introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir.1998). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.* At the time of the deposition, it would be exceedingly difficult for Metalcraft to determine whether it would be essential to the prosecution of the case. This is especially so when one of its arguments was the complete lack of any evidence to support Plaintiff's claims. The fact that this deposition noticed by Plaintiff did not contain much useful evidence is irrelevant as it was clearly necessary at the time it was taken.

4

Finally, the costs associated with obtaining these transcripts were reasonable and Plaintiff has not presented any evidence to contest the reasonableness. Each transcript obtained in this case was for a condensed electronic copy, which was the least expensive and limited option available. Moreover, the reasonable cost of a transcript can be presumed when the opposing party noticed the deposition and chose the court reporter. *See Youngman v. Kouri*, No. 16-cv-1005, 2018 U.S. Dist. LEXIS 134235, at *3 (C.D. Ill. Aug. 9, 2018). As explained in *Stevens v. DeWitt Cty.*:

> Defendants argue that the costs for copies of deposition transcripts were reasonable under the circumstances of this case because Plaintiff arranged and deposed seven of the eight individuals. Plaintiff chose the court reporters for the depositions she noticed, and Defendants had no choice but to order copies from the court reporters selected by Plaintiff.
>
> The argument is well-taken. Several district court cases have held that **a party should recover the actual cost of the deposition transcripts where the losing party chose the court reporter**. *See Halasa v. ITT Educational Servs., Inc.*, 2012 U.S. Dist. LEXIS 24664, 2012 WL 639520, at *4 (S.D. Ind. Feb. 27, 2012), *aff'd* 690 F.3d 844 (7th Cir. 2012); *Gyrion v. City of Chicago*, 454 F. Supp. 2d 725, 726 (N.D. Ill. 2006); *Engate, Inc. v. Esquire Deposition Servs., LLC*, 2006 U.S. Dist. LEXIS 25927, 2006 WL 695650, at *3 (N.D. Ill. March 13, 2006).

No. 11-3162, 2013 U.S. Dist. LEXIS 165446, at *2-3 (C.D. Ill. Nov. 21, 2013) (emphasis added).

Thus, subject to the qualifications made above, the costs of obtaining deposition transcripts in this case were reasonably necessary and recoverable.

## **CONCLUSION**

For the reasons set forth above, Metalcraft respectfully requests that the Court tax costs as requested in this matter.

5

Dated this 19th Day of May, 2022.

                                                  KOPKA PINKUS DOLIN PC
                                                  Attorneys for Defendant

                                                  By:    /s/ Ronald S. Stadler
                                                                   Ronald S. Stadler
                                                                   State Bar No. 1017450
                                                                   Jonathan E. Sacks
                                                                   State Bar No. 1103204

N19W24200 Riverwood Dr, Suite 140
Waukesha, WI 53188-1191
telephone: 847-549-9611
facsimile: 847-549-9636
e-mail: rsstadler@kopkalaw.com
        jesacks@kopkalaw.com